IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANA R. FRIAS Individually and on behalf of her infant child ANNEL FRIAS<br><br>*Plaintiffs*,<br><br>vs.<br><br>TRISTAR PRODUCTS, INC.<br><br>*Defendant*. | CIVIL ACTION NO.:<br>5:16-CV-00104 |

**DEFENDANT TRISTAR PRODUCTS, INC.'S**
**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Tristar Products, Inc. ("Tristar") files this First Amended Answer and Affirmative Defenses to the Original Complaint filed by Plaintiffs Ana R. Frias Individually and on behalf of her infant child Annel Frias. Tristar denies each and every allegation contained in the Complaint unless specifically admitted hereinafter, and respectfully represents as follows:

**I.   JURISDICTION AND VENUE**

1. Paragraph 1 of the Complaint is a legal conclusion, to which no response is required. To the extent a response is required, Tristar does not deny that this Court maintains jurisdiction over this matter based on the allegations outlined in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint is a legal conclusion, to which no response is required. To the extent a response is required, Tristar does not deny that venue is proper in this judicial district.

## II.     PARTIES

3. Upon information and belief, Tristar admits the allegations in Paragraph 3 of the Complaint.

4. Tristar denies the allegations in Paragraph 4 of the Complaint.

## III.     RELEVANT FACTS

5. Tristar denies the allegations in Paragraph 5 of the Complaint.

6. Tristar denies the allegations in Paragraph 6 of the Complaint.

## IV.     COUNT ONE: STRICT LIABILITY AGAINST TRISTAR

7. Tristar denies the allegations in Paragraph 7 of the Complaint.

8. Tristar denies the allegations in Paragraph 8 of the Complaint.

9. Tristar denies the allegations in Paragraph 9 of the Complaint.

10. Tristar denies the allegations in Paragraph 10 of the Complaint.

11. Tristar denies the allegations in Paragraph 11 of the Complaint.

## V.     COUNT TWO: BREACH OF WARRANTY AGAINST TRISTAR

12. Paragraph 12 relates to Plaintiffs' incorporation of prior paragraphs and requires no response. To the extent a response is required, Tristar either admits or denies the contents of previous paragraphs as indicated herein.

13. Tristar admits the product was fit for the purposes for which it was intended, but denies the remaining allegations in Paragraph 13 of the Complaint.

14. Tristar denies the allegations in Paragraph 14 of the Complaint.

## VI.  COUNT THREE: NEGLIGENCE AGAINST TRISTAR

15. Paragraph 15 relates to Plaintiffs' incorporation of prior paragraphs and requires no response. To the extent a response is required, Tristar either admits or denies the contents of previous paragraphs as indicated herein.

16. Tristar denies the allegations in Paragraph 16 of the Complaint.

17. Tristar denies the allegations in Paragraph 17 of the Complaint.

18. Tristar denies the allegations in Paragraph 18 of the Complaint.

19. Tristar denies the allegations in Paragraph 19 of the Complaint.

20. Tristar denies the allegations in Paragraph 20 of the Complaint.

## VII.  CAUSATION

21. Paragraph 21 relates to Plaintiffs' incorporation of prior paragraphs and requires no response. To the extent a response is required, Tristar either admits or denies the contents of previous paragraphs as indicated herein.

22. Tristar denies the allegations in Paragraph 22 of the Complaint.

## VIII.  DAMAGES

23. Tristar denies the allegations in Paragraph 23 of the Complaint.

24. Tristar denies the allegations in Paragraph 24 of the Complaint.

25. Tristar denies the allegations in Paragraph 25 of the Complaint.

## IX.  CONDITIONS PRECEDENT

26. Tristar denies the allegations in Paragraph 26 of the Complaint.

## X.  JURY DEMAND

27. Tristar admits the allegations in Paragraph 27 of the Complaint.

28. Tristar denies the allegations in Paragraphs X(1) through X(11).

## XI. AFFIRMATIVE DEFENSES

29. All claims are barred by the application of assumption of risk, estoppel, waiver, release, and/or other equitable principles.

30. Tristar specifically pleads the affirmative defense of comparative fault/contributory negligence to the extent any claims may be barred, in whole or in part, due to Plaintiffs' own comparative fault/contributory negligence or the comparative negligence of third parties which have not yet been made a party to this suit and/or for which Tristar is not responsible, which fault was the direct, proximate or contributing cause to the alleged damages.

31. Tristar further pleads the application of Texas Civil Practice and Remedies Code Chapter 33, with regard to proportionate responsibility.

32. To the extent Plaintiffs have sustained loss, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, inattention, failure to exercise reasonable care and/or intentional misconduct of other(s), for whom Tristar has no responsibility, control or right of control, which action(s) serves as a bar to and/or in mitigation of recovery to which Plaintiffs may be entitled.

33. Tristar denies that it or anyone for whom it may be responsible is guilty of any negligence, gross negligence, strict liability or want of due care or other legal fault constituting proximate cause of the alleged accident and injuries in question.

34. Tristar specifically avers the affirmative defense of failure to mitigate damages.

35. In the event it is determined that Plaintiffs have received benefits from another source, Tristar pleads set-off and contribution.

36. Tristar is entitled to full contractual defense and indemnity from other third parties on all claims and, to the extent applicable, under any other principles of law, and Tristar is entitled to "additional assured" status under various applicable insurance policies.

37. Tristar denies that Plaintiffs are entitled to award of punitive damages in this case, to the extent such damages are sought, under any applicable law on the ground such damages are unrecoverable and unconstitutional generally under the Fifth and Fourteenth Amendments of the United States Constitution, and the Eighth Amendment of the United States Constitution, which prohibits excessive punishment. Specifically, Tristar denies that Plaintiffs are entitled to any award of punitive damages in this case under Texas law, but if damages are available, then Tristar avers that such damages are statutorily capped and/or limited, and accordingly pleads the limitation of same.

38. Tristar avers that punitive damages in this case are unrecoverable on the grounds that any action(s) and/or liability of Tristar do not satisfy the statutory and legal requirements for awarding punitive damages pursuant to Texas law, including but not limited to a lack of gross negligence on the part of Tristar.

39. The acts and omissions of third parties for whom Tristar is not responsible were a superseding and/or independent cause of Plaintiffs' alleged injuries and Plaintiffs' alleged damages.

40. Tristar did not know, and in the exercise of reasonable care, could not have known, of any alleged act and/or omission of which Plaintiffs complain and any other party's knowledge of any alleged act and/or omission cannot be imputed on Tristar.

41. Tristar affirmatively pleads the defense(s) available pursuant to Texas Civil Practice and Remedies Code Chapter 82.003.

42. Plaintiffs have failed to name and properly join indispensable, necessary and/or compulsory parties.

43. Tristar also asserts that the Plaintiffs injuries were caused in part or in whole by the misuse of the subject product.

44. Tristar further pleads that some or all of Plaintiffs' injuries complained of are actually a pre-existing condition for which Tristar is not responsible.

45. Tristar reserves the right to file additional defenses, affirmative defenses, and claims, including but not limited to counterclaims, cross claims, and/or claims against third parties as further discovery in this matter may warrant or require.

46. WHEREFORE, Defendant Tristar Products, Inc. prays that its Answer and Affirmative Defenses be deemed good and sufficient, and after due proceedings are had, that there be judgment in Tristar's favor, and that the Court award such monetary and equitable relief to which Tristar may be entitled, inclusive of fees and expenses and all other relief warranted.

Respectfully submitted,

*[signature: Joseph A. Ziemianski]*

Joseph A. Ziemianski
State Bar No. 00797732
Federal Bar No. 25915
E-mail: jziemianski@cozen.com

OF COUNSEL

COZEN O'CONNOR
LyondellBasell Tower
1221 McKinney
Suite 2900
Houston, Texas  77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905

**ATTORNEYS FOR TRISTAR PRODUCTS, INC.**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure on September 6, 2016.

_____
Joseph A. Ziemianski