IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANA R. FRIAS, Individually and on behalf of her minor child, A.F., | § § § | |
| *Plaintiffs* | § § | |
| v. | § § | CIVIL ACTION NO.: 5:16-cv-00104 |
| TRISTAR PRODUCTS, INC. | § § | |
| *Defendant* | § § § | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

Plaintiff, Ana R. Frias, Individually and on behalf of her minor child, A.F., files this Objection to Defendant Tristar Products, Inc.'s Motion for Leave to Designate Responsible Third Party (Objection).

1. On September 6, 2016, Defendant Tristar Products, Inc. filed its Motion for Leave to Designate Responsible Third Party (Motion).

2. Plaintiff files this objection to Defendant's Motion on or before the 15th day after the date the Motion was served as authorized by Section 33.004 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §33.004(f)("A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.")

3. Specifically, Plaintiff objects to Defendant's Motion because Defendant did not plead sufficient facts concerning the alleged responsibility of Zhongshan USATA Electric Appliance Co. Ltd. (Zhongsham) to satisfy the pleading requirements of the Texas Rules of Civil

Procedure.  *See* Tex. Civ. Prac. & Rem. Code §33.004(g)(1).

4.The Texas Rules of Civil Procedure require a party to plead sufficient facts to give "fair notice" of the claim involved.  *See* Tex. R. Civ. P. 45(b)(requiring a party's pleadings to give a "statement in plain and concise language" of the cause of action); Tex. R. Civ. P. 47(a)(requiring pleadings to give "fair notice of the claim involved.")  "The test of fair notice is whether an opposing attorney of reasonable competence, with the pleadings before him, can determine the nature of the controversy and the testimony that would probably be relevant. [Citation omitted]. A court must be able, from an examination of the … pleadings alone, to ascertain with reasonable certainty the elements of a cause of action and the relief sought with sufficient particularity upon which a judgment can be based."  *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App. – Eastland 2004, no pet.).

5.While Defendant appears to try to couch its allegations against Zhongsham as a products liability claim related to the manufacture of the subject pressure cooker, Defendant's Motion fails to set forth any facts giving rise to such a claim.  For example, to recover on a products liability claim alleging a design defect, there must be allegations that 1) the product was defectively designed so as to render it unreasonably dangerous; 2) a safer alternative design existed; and 3) the defect was a producing cause of the injury for which the plaintiff seeks recovery.  *See Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).  Defendant's Motion, however, fails to allege that the pressure cooker at issue in this case was defectively designed so as to render it unreasonably dangerous, fails to allege a safer alternative existed, and fails to allege that the defect was a producing cause of the injuries made the subject of this lawsuit.  Absent these allegations, Plaintiff is unable to ascertain with reasonable certainty the elements of the claim giving rise to Zhongsham's alleged responsibility.

6. For Zhongsham to be responsible based on a manufacturing defect claim, Defendant's Motion was required to include allegations that the pressure cooker deviated, in its construction or quality, from the specifications or planned output in a manner that rendered the pressure cooker unreasonably dangerous, and that the defect was a producing cause of the injuries made the subject of this lawsuit. *See Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006). Defendant's Motion contains no such allegations. Absent these allegations, Plaintiff is unable to ascertain with reasonable certainty the elements of the claim giving rise to Zhongsham's alleged responsibility.

7. The allegations contained in Defendant's Motion are woefully inadequate under the Texas pleading requirements. By no stretch of the imagination does the Motion give fair notice to Plaintiff the claims asserted, nor can the court ascertain with reasonable certainty from the Motion the elements of the claim for which Defendant claims Zhongsham is allegedly responsible. As such, the court should sustain Plaintiff's objection and require that, if Defendant still wishes to designate Zhongsham as a responsible third party, Defendant replead its Motion setting forth each of the elements of a products liability claim as detailed above. *See* Tex. Civ. Prac. & Rem. Code §33.004(g)(2).

WHEREFORE, Plaintiff requests that the Court sustain Plaintiff's Objection to Defendant's Motion, and the Plaintiff have all other relief to which Plaintiff is entitled.

        Respectfully submitted,

        **WYATT LAW FIRM, LTD.**

          */s/ Paula A. Wyatt*
        Paula A. Wyatt
        *Attorney-in-Charge*
        Texas Bar No. 10541400
        pwyatt@wyattlawfirm.com
        Gavin McInnis

Texas Bar No. 13679800
gmcinnis@wyattlawfirm.com
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone: (210) 340-5550
Facsimile: (210) 340-5581
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on September 21, 2016, a true and correct copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing, on the following attorney in charge for Defendant:

Joseph A. Ziemianski
jziemianski@cozen.com
LyndellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010

Adam C. Gutmann
agutmann@cozen.com
LyndellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010

　　　　　　　　　　　　　　　　　　　　　　　　/s/  Paula A. Wyatt
　　　　　　　　　　　　　　　　　　　　　　Paula A. Wyatt