IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANA R. FRIAS Individually and on behalf of her infant child ANNEL FRIAS  §§§§§ *Plaintiffs*,  vs.  §§§§ TRISTAR PRODUCTS, INC.  §§§ *Defendant*. § | | CIVIL ACTION NO.: 5:16-CV-00104 |

**DEFENDANT TRISTAR PRODUCTS, INC.'S FIRST AMENDED MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTY**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Tristar Products, Inc. ("Tristar") hereby submits its First Amended Motion for Leave to Designate Responsible Third Party pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE Section 33.004, and in support thereof would respectfully show unto the Court as follows:

**I.   Summary of the Motion**

1.   Defendant seeks leave of court to add Zhongshan USATA Electric Appliance Co. Ltd. (Zhongshan) as a responsible third party under Section 33.004 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Under that section, Defendant seeks not to join Zhongshan, but to merely add its name with regard to allocation of proportionate responsibility, without the imposition of any liability on Zhongshan. Application of this state law is appropriate, in that it is substantive law that does not conflict with federal law and is necessary to effectuate Tristar's substantive legal rights. Defendant respectfully prays that leave be automatically granted, as provided in Section 33.004, unless a party objects within 15 days of service.

## II.     Section 33.004 Should be Applied by This Court

2.     Plaintiffs aver that this Court has jurisdiction over this matter on the basis of diversity. As the Court is aware, in diversity cases brought in federal court, the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state. *Erie R.R. Co. v. Tomkins*, 304 U.S. 64 (1938). The proportionate responsibility laws of Texas are substantive laws. *See Martinez v. U.S.*, 780 F.2d 525, 530-31 (5th Cir. 1986).

3.     Section 33 applies to federal diversity cases under the *Erie* Doctrine, as it is state substantive law that does not conflict with Rule 14 of the Federal Rules of Civil Procedure, the closest federal procedural counterpart. *Hernandez v. Bumbo (PTY.) Ltd.*, No. 3:12-cv-1213-M; *2014 U.S. Dist. LEXIS 30392 (N.D. Tex. March 10, 2014)*; *Nationwide Lloyds Ins. Co. v. Norcold, Inc., Nos. 09-0113 & 09-0114, 2009 U.S. Dist. LEXIS 96791, 2009 WL 3381523, at *2 n.1 (W.D. Tex. Oct. 19, 2009)*; *Harris Constr. Co. v. GG-Bridgeland, LP,* No. 07-3468, 2009 U.S. Dist. LEXIS 69476, 2009 WL 2486030, at *1 n.1 (S.D. Tex. Aug. 10, 2009). Because courts have found that Section 33.004 is a state substantive policy and that it does not conflict with the procedures set forth in Federal Rule of Civil Procedure 14, this Court may apply Section 33.004 in the instant lawsuit. *See, e.g., Harris Const. Co., Ltd. V. GGP-Bridgeland, LP*, 2009 U.S. Dist. LEXIS 69476, 2009 WL 2486030 at *1 n. 1, (S.D. Tex. August 10, 2009), *Bueno v. Cott Beverages, Inc.*, 2005 U.S. Dist. LEXIS 4210, 2005 WL 647026 at * 3 (W.D. Tex. Feb. 8, 2005).

## III.     Pursuant to §33.004, Tristar Moves to Designate Zhongshan as a Responsible Third Party

4.     Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE Section 33.004, Defendant designates Zhongshan as a Responsible Third Party. Zhongshan manufactures consumer products, including electric cookware, in its facility in Zhongshan, Guadong, China, and is the

manufacturer of the subject pressure cooker. Further, upon information and belief, Zhongshan also participated in the design of the subject pressure cooker and played a part in drafting or devising the warnings that accompanied the pressure cooker.

5. Plaintiffs' live pleading seeks to recover damages from Tristar for strict liability and negligence related to the design, manufacture, and marketing of the subject pressure cooker. In that regard, Plaintiffs allege Tristar designed, manufactured, and marketed the subject pressure cooker. Based on the Plaintiffs' allegations and the information currently available to Tristar, Zhongshan may be responsible for some or all of the events alleged to have occurred, to the extent they participated in or handled the design, manufacturing, and marketing of the subject pressure cooker. Specifically, the jury may find that Zhongshan's acts or omissions in designing, manufacturing, and marketing the subject pressure cooker caused or contributed to the Plaintiffs' injuries, and their proportionate responsibility should be considered pursuant to TEX. CIV. PRAC. & REM. CODE §33.004.

6. Because §33.004 indicates that leave must be sought, the section also notes that leave shall be automatically granted unless another party files an objection. *See* TEX. CIV. PRAC. & REM. CODE §33.004(f). Tristar therefore respectfully requests that, unless objection is made, Zhongshan USATA Electric Appliance Co. Ltd. be added as a responsible third party 16 days from the service of this motion.

### IV.   Conclusion & Prayer

7. This Court should apply Section 33.004 to effectuate Tristar's substantive legal rights in the determination of proportionate responsibility. Unless objection is made, Defendant's designation should be automatic and Zhongshan USATA Electric Appliance Co. Ltd. should be designated as a responsible third party without further action.

WHEREFORE, the above considered, Defendant Tristar Products, Inc. respectfully prays that their First Amended Motion for Leave be granted, that Zhongshan USATA Electric Appliance Co. Ltd. be designated as a responsible third party, and for such other and further relief, whether at law or in equity, to which they might be justly entitled.

Respectfully submitted,

*/s/ Joseph A. Ziemianski*

_____
Joseph A. Ziemianski
State Bar No. 00797732
Federal Bar No. 25915
E-mail: jziemianski@cozen.com

OF COUNSEL

COZEN O'CONNOR
LyondellBasell Tower
1221 McKinney
Suite 2900
Houston, Texas  77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905

**ATTORNEYS FOR TRISTAR PRODUCTS, INC.**

## **CERTIFICATE OF SERVICE**

  I certify that a true copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure on September 26, 2016.

                  _____
                  Joseph A. Ziemianski