IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANA R. FRIAS, Individually and on behalf of her minor child, A.F., | § § § | |
| *Plaintiffs* | § § | |
| v. | § | CIVIL ACTION NO.:   5:16-cv-00104 |
| TRISTAR PRODUCTS, INC. | § § § | |
| *Defendant* | § § § | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S FIRST AMENDED MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES**

Plaintiff, Ana R. Frias, Individually and on behalf of her minor child, A.F., files this Objection to Defendant Tristar Products, Inc.'s First Amended Motion for Leave to Designate Responsible Third Party (Objection).

1.  On September 6, 2016, Defendant Tristar Products, Inc. filed its Motion for Leave to Designate Responsible Third Party (Motion) (Document 16). Plaintiff timely filed her objection to that motion on September 21, 2016 (Document 22). Presumably, in response to Plaintiff's objection, Defendant filed its First Amended Motion for Leave to Designate Responsible Third Party (Amended Motion). (Document 23).

2.  Defendant's Amended Motion fails to cure the deficiencies of its original Motion. As such, Plaintiff files this Objection to Defendant's Amended Motion on or before the 15th day after the date the Amended Motion was served as authorized by Section 33.004 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE §33.004(f)("A court shall grant leave to designate the named person as a responsible third party unless another party files an

objection to the motion for leave on or before the 15th day after the date the motion is served.")

3. Specifically, Plaintiff objects to Defendant's Amended Motion because Defendant did not plead sufficient facts concerning the alleged responsibility of Zhongshan USATA Electric Appliance Co. Ltd. (Zhongsham) to satisfy the pleading requirements of the Texas Rules of Civil Procedure. *See* TEX. CIV. PRAC. & REM. CODE §33.004(g)(1).

4. The Texas Rules of Civil Procedure require a party to plead sufficient facts to give "fair notice" of the claim involved. *See* TEX. R. CIV. P. 45(b)(requiring a party's pleadings to give a "statement in plain and concise language" of the cause of action); TEX. R. CIV. P. 47(a)(requiring pleadings to give "fair notice of the claim involved.") "The test of fair notice is whether an opposing attorney of reasonable competence, with the pleadings before him, can determine the nature of the controversy and the testimony that would probably be relevant. [Citation omitted]. A court must be able, from an examination of the … pleadings alone, to ascertain with reasonable certainty *the elements of a cause of action* and the relief sought with sufficient particularity upon which a judgment can be based." *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex. App. – Eastland 2004, no pet.)[Emphasis added].

5. While Defendant appears to try to couch its allegations against Zhongsham as a products liability claim related to the manufacture, design and marketing of the subject pressure cooker, Defendant's Amended Motion fails to set forth any facts giving rise to such a claim. For example, to recover on a products liability claim alleging a design defect, *there must be allegations* that 1) the product was defectively designed so as to render it unreasonably dangerous; 2) a safer alternative design existed; and 3) the defect was a producing cause of the injury for which the plaintiff seeks recovery. *See Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). Defendant's Amended Motion, however, fails to allege that the pressure cooker at issue in this

case was defectively designed so as to render it unreasonably dangerous, fails to allege a safer alternative design existed, and fails to allege that the defect was a producing cause of the injuries made the subject of this lawsuit. Absent these allegations, Plaintiff is unable to ascertain with reasonable certainty the elements of the claim giving rise to Zhongsham's alleged responsibility.

6. For Zhongsham to be responsible based on a manufacturing defect claim, Defendant's Amended Motion *was required to include* allegations that the pressure cooker deviated, in its construction or quality, from the specifications or planned output in a manner that rendered the pressure cooker unreasonably dangerous, and that the defect was a producing cause of the injuries made the subject of this lawsuit. *See Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006). Defendant's Amended Motion contains no such allegations. Absent these allegations, Plaintiff is unable to ascertain with reasonable certainty the elements of the claim giving rise to Zhongsham's alleged responsibility.

7. Finally, in order to plead a marketing defect under Texas law, Defendant's Amended Motion *had to include* allegations of the following elements of a marketing defect claim: 1) the existence of a risk of harm inherent in the pressure cooker or that may arise from the intended or reasonably anticipated use of the pressure cooker; 2) Zhongsham knew or reasonably should have foreseen the risk of harm at the time the pressure cooker was marketed; 3) the pressure cooker possessed a marketing defect; 4) the absence of the warning and/or instructions rendered the pressure cooker unreasonably dangerous to the ultimate user or consumer of the product; and 5) the failure to warn and/or instruct constituted a causative nexus to the injuries made the subject of this lawsuit. *USX Corp. v. Salinas*, 818 S.W.2d 473, 482 (Tex. App. – San Antonio 1991, writ denied). These allegations are missing from Defendant's Amended Motion. As such, Plaintiff is unable to ascertain with reasonable certainty the elements of the claim giving

rise to Zhongsham's alleged responsibility.

8. The allegations contained in Defendant's Amended Motion are woefully inadequate under the Texas pleading requirements. By no stretch of the imagination does the Amended Motion give fair notice to Plaintiff the claims asserted, nor can the court ascertain with reasonable certainty from the Amended Motion the elements of the claim for which Defendant claims Zhongsham is allegedly responsible.

9. Incredibly, despite the fact that Plaintiff's original objection pointed out each of the elements of the claims that were missing from Defendant's original Motion, Defendant failed to include any allegations as to those elements in its Amended Motion. Defendant has now had two bites at the apple with regard to its attempt to designate Zhongsham as a responsible third party. Because Defendant's Amended Motion fails to include the allegations necessary to satisfy the pleading requirements of the Texas Rules of Civil Procedure, the Court should deny Defendant's motion seeking leave to designate Zhongsham as a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE §33.004(g)(2). *Compare Union Producing Co. v. Allen*, 297 S.W.2d 867, 870 (Tex. Civ. App. – Beaumont 1957, no writ)(holding that court has a duty to sustain special exception to a pleading where such exception points out the elements of a cause of action that are missing).

WHEREFORE, Plaintiff requests that the Court sustain Plaintiff's objection to Defendant's Amended Motion, deny Defendant's Amended Motion, and grant Plaintiff all other relief to which Plaintiff is entitled.

             Respectfully submitted,

             **WYATT LAW FIRM, LTD.**

               */s/ Paula A. Wyatt*
             Paula A. Wyatt
             *Attorney-in-Charge*
             Texas Bar No. 10541400

pwyatt@wyattlawfirm.com
Gavin McInnis
Texas Bar No. 13679800
gmcinnis@wyattlawfirm.com
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone: (210) 340-5550
Facsimile: (210) 340-5581
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on October 6, 2016, a true and correct copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing, on the following attorney in charge for Defendant:

Joseph A. Ziemianski
jziemianski@cozen.com
LyndellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010

Adam C. Gutmann
agutmann@cozen.com
LyndellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010

      */s/ Paula A. Wyatt*
Paula A. Wyatt