IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANA R. FRIAS Individually and on behalf of her infant child ANNEL FRIAS | § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | CIVIL ACTION NO.: 5:16-CV-00104 |
| TRISTAR PRODUCTS, INC. | § § | |
| *Defendant*. | § § | |

**DEFENDANT TRISTAR PRODUCTS, INC.'S REPLY TO PLAINTIFFS' OBJECTION TO DEFENDANT'S FIRST AMENDED MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTY**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Tristar Products, Inc. ("Tristar") hereby submits this Reply to Plaintiffs' Objection to Defendant's First Amended Motion for Leave to Designate Responsible Third Party pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE Section 33.004, and in support thereof would respectfully show unto the Court as follows:

**I.     Reply**

1.     Plaintiffs' response mistakenly assumes it is Tristar's burden to prove Plaintiffs' case. That is not what the law requires and Plaintiffs' response amounts to nothing more than an improper attempt to shift the burden of proof. Texas CIVIL PRACTICE AND REMEDIES CODE §33.004(g)(1) merely requires that the defendant plead sufficient facts about the third party's

alleged responsibility to satisfy the pleading requirements of the Texas Rules of Civil Procedure. The fair-notice pleading standard applies to a motion for leave to designate.[1]

2. Plaintiffs' claim that they cannot ascertain from Tristar's motion the elements of a claim giving rise to Zhongshan USATA Electric Appliance Co. Ltd.'s (Zhongshan) alleged responsibility is wholly disingenuous, as they themselves list *every element of each of the causes of action asserted in their response*.[2] Tristar is not asserting anything beyond what Plaintiffs assert, but rather, is merely pointing out that Zhongshan was the manufacturer of the pressure cooker and played a role in the design and marketing of the subject product. To the extent the jury considers any act or omission of Zhongshan to constitute negligent or defective design, manufacturing, or marketing, the jury should be permitted to take into consideration any such act or omission when allocating liability.

3. Trisar's First Amended Motion for Leave to Designate Responsible Third Party clearly outlines the factual basis for Zhongshan's putative responsibility:

> Zhongshan manufactures consumer products, including electric cookware, in its facility in Zhongshan, Guadong, China, and is the manufacturer of the subject pressure cooker. Further, upon information and belief, Zhongshan also participated in the design of the subject pressure cooker and played a part in drafting or devising the warnings that accompanied the pressure cooker… Based on the Plaintiffs' allegations and the information currently available to Tristar, Zhongshan may be responsible for some or all of the events alleged to have occurred, to the extent they participated in or handled the design, manufacturing, and marketing of the subject pressure cooker. Specifically, the jury may find that Zhongshan's acts or omissions in designing, manufacturing, and marketing the subject pressure cooker caused or contributed to the Plaintiffs' injuries, and their proportionate responsibility should be considered pursuant to TEX. CIV. PRAC. & REM. CODE §33.004.

---

[1] *In re Greyhound Lines, Inc.*, No. 05-13-01646-CV (Tex.App.—Dallas 2014, orig. proceeding)(memo op.; 2-21-14).
[2] Plaintiff's Objection at ¶5-7.

4.     Contrary to Plaintiffs averment, Tristar is not obligated to independently allege and prove its own cause(s) of action against Zhongshan. Tristar is merely required to plead facts sufficient for Plaintiffs to ascertain why Zhongshan, rather than Tristar, may be responsible for or share in the responsibility for Plaintiffs' injuries.[3] Whereas, Plaintiffs have generally and vaguely pleaded their causes of action for negligent design, manufacturing, and marketing, it is impossible at this time for Tristar to rule out the possibility that evidence may emerge during discovery that indicates Zhongshan was responsible for certain acts or omissions related to design, manufacturing, or marketing for which Plaintiffs incorrectly blame Tristar.[4] If no such evidence emerges, Plaintiffs will have the opportunity to strike the designation pursuant to CIVIL PRACTICE AND REMEDIES CODE §33.004(l) at the appropriate time. Plaintiffs will not be unfairly prejudiced by the designation.

5.      Tristar has clearly put Plaintiffs on notice that Zhongshan was solely or partially involved in the design, manufacturing, and marketing of the subject pressure cooker. Depending on the results of fact discovery in this case, Tristar may ask the jury to allocate responsibility for acts or omissions that Zhongshan, and not Tristar, committed. This is precisely the purpose of CIVIL PRACTICE AND REMEDIES CODE §33.004. That provision was designed to prevent any given party from bearing more than their equitable share of responsibility; a result that very well may occur if Tristar is not permitted to designate Zhongshan.

6.     In moving to designate Zhongshan as a responsible third party, all Tristar has done is allege facts that would make clear that a third party (Zhongshan) was involved in the

---

[3] *Low v. Henry*, 221 S.W.3d 609, 612 (Tex.2007). (Fair-notice standard for pleading merely requires facts sufficient for the opposing party to ascertain from the pleading the nature and basic issues of the controversy and what type of evidence might be relevant.)

[4] Tristar would note that, at this time it is clear that Zhongshan, and not Tristar, is responsible for any manufacturing defect, as Tristar did not manufacture the product.

design, manufacturing, and marketing of the pressure cooker, and that the jury should be permitted to consider their putative responsibility. No further facts are necessary.

## II.   Conclusion & Prayer

7.   Tristar has pleaded sufficient facts for Plaintiffs to ascertain that Zhongshan's acts or omissions, if any, should be presented to the jury with regard to the alleged defective design, manufacturing, and marketing claims asserted by Plaintiffs. Pursuant to Texas CIVIL PRACTICE AND REMEDIES CODE §33.004 Zhongshan USATA Electric Appliance Co. Ltd. should be designated as a responsible third party without further action. In the alternative, should the Court find that additional facts are required, Tristar should be allowed the opportunity to replead. CIVIL PRACTICE AND REMEDIES CODE §33.004(g)(2).

WHEREFORE, the above considered, Defendant Tristar Products, Inc. respectfully prays that their Amended Motion for Leave be granted, that Zhongshan USATA Electric Appliance Co. Ltd. be designated as a responsible third party, and for such other and further relief, whether at law or in equity, to which they might be justly entitled.

Respectfully submitted,

*Joseph A. Ziemianski*

_____

Joseph A. Ziemianski
State Bar No. 00797732
Federal Bar No. 25915
E-mail: jziemianski@cozen.com

OF COUNSEL

COZEN O'CONNOR
LyondellBasell Tower
1221 McKinney
Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905

**ATTORNEYS FOR TRISTAR PRODUCTS, INC.**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure on October 13, 2016.

Joseph A. Ziemianski