IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANA R. FRIAS, Individually and on behalf of her minor child, A.F., | § § § | |
| *Plaintiffs* | § § | |
| v. | § § | CIVIL ACTION NO.: 5:16-cv-00104 |
| TRISTAR PRODUCTS, INC. | § § § | |
| *Defendant* | § § | |

## PLAINTIFF'S MOTION TO QUASH DEPOSITION NOTICES, AND FOR PROTECTIVE ORDER

Plaintiff, Ana R. Frias, Individually and on behalf of her minor child, A.F., files this Motion to Quash Deposition Notices, and for Protective Order.

### BACKGROUND

1.  On November 4, 2016, Plaintiff served Defendant Tristar Products, Inc. with Plaintiff's Rule 26(a)(2) Disclosure of Expert Testimony.

2.  By agreement of the parties, which agreement was memorialized by the Court's October 17, 2016 Text Order granting Unopposed Motion to Extend Defendant's Expert Designation Deadline, the deadline for Defendant to designate experts is December 30, 2016.

3.  Defendant has demanded that Plaintiff provide dates for the depositions of Plaintiff's experts before Defendant designates its experts on December 30, 2016, stating that under Rule 26(b)(4)(A) Defendant "is entitled to take the deposition of [Plaintiff's] experts at any point after he or she has issued a report."

4.  Plaintiff's position is that nothing in Rule 26(b)(4)(A) expressly grants Defendant

the right to take the depositions of Plaintiff's experts before Defendant produces its expert reports. Plaintiff's experts should have the benefit of Defendant's experts' reports before they are deposed so that they are prepared to address at their depositions any issues raised by Defendant's experts' reports as well as their own. As such, Plaintiff has offered to produce Plaintiff's experts for deposition *after* Defendant produces its expert reports.

5.  Despite that Plaintiff has indicated a willingness to provide its experts for depositions after receipt of Defendant's expert reports, i.e. after December 30, on November 29, 2016, Defendant unilaterally issued notices for the depositions of Plaintiff's liability expert, J.E. Akin, PhD PE, on December 9, 2016, and Plaintiff's expert life care planner, Christine Vidouria, MD, on December 19, 2016. *See* **Exhibit A**, Notice of Intention to Take the Deposition of Dr. J.E. Akin, PhD PE with Subpoena Duces Tecum, and **Exhibit B**, Notice of Intention to Take the Deposition of Christine Vidouria with Subpoena Duces Tecum.

6.  In addition to the fact that the notices are improper for the reasons discussed below, counsel for Plaintiff has a previously scheduled mediation on December 9 in San Antonio, Texas (*Arevalo-Villa v. Cherish Glover, et al*, Cause No. 2015-CI-09071, In the 408th Judicial District Court, Bexar County, Texas) and has a previously scheduled pre-trial conference in Laredo, Texas (*Guerrero v. WL Transport, Inc., et al*, Cause No. 2015CVT002230D2, In the 111th Judicial District Court, Webb County, Texas) on December 19; as such, counsel for Plaintiff is not available on either of these dates.

**ARGUMENT AND AUTHORITIES**

7.  Allowing Defendant to depose Plaintiff's experts before they have a chance to review Defendant's expert reports is inefficient and unfair to Plaintiff. First, it will necessitate supplemental reports by Plaintiff's experts to address matters that could have been addressed at

2

their depositions, which in turn will result in Defendant wanting to take additional depositions of Plaintiff's experts. Second, Defendant is clearly attempting to blindside Plaintiff's experts, and the Rules do not contemplate or countenance the extraction of such a strategic benefit.

8.   While the Federal Rules do not expressly address this issue, the Texas Rules of Civil Procedure do, and they are informative and instructive. Texas Rule of Civil Procedure 195.3(2) provides that if expert reports are furnished in a case, a party producing a report "need not make the expert available for deposition until reasonably promptly *after all other experts have been designated*." TEX. R. CIV. P. 195.3(2). The comments to Rule 195.3(2) explain the rationale behind the Rule: "In scheduling the designations and depositions of expert witnesses, the rule attempts to minimize unfair surprise and undue expense." Comment 3, TEX. R. CIV. P. 195.

9.   To minimize unfair surprise and undue expense, the notices of deposition for the depositions of Dr. Akin and Dr. Vidouria should be quashed, and a protective order should be entered that Defendant is prohibited from noticing the depositions of Plaintiff's experts until after Defendant has designated its experts and Defendant's expert reports have been provided to Plaintiff. *See* FED. R. CIV. P. 26(c). Moreover, the deposition notices should be quashed because counsel for Plaintiff is unavailable on the dates noticed.

10.   **CERTIFICATE OF CONFERENCE.**   As evidenced by the e-mail chain attached as **Exhibit C**, the parties have been unable to agree on the scheduling of the depositions of Plaintiff's experts without court action.

WHEREFORE, Plaintiff requests that the Court quash the notices of deposition for the depositions of Dr. Akin and Dr. Vidouria, and enter a protective order that the depositions of Plaintiff's experts shall not be taken until after Defendant has disclosed its experts and provided

expert reports.

Respectfully submitted,

**WYATT LAW FIRM, LTD.**

　*/s/  Paula A. Wyatt*
Paula A. Wyatt
*Attorney-in-Charge*
Texas Bar No. 10541400
pwyatt@wyattlawfirm.com
Gavin McInnis
Texas Bar No. 13679800
gmcinnis@wyattlawfirm.com
70 NE Loop 410, Suite 725
San Antonio, Texas78216
Telephone: (210) 340-5550
Facsimile: (210) 340-5581
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on November 29, 2016, a true and correct copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing, on the following attorney in charge for Defendant:

Joseph A. Ziemianski
jziemianski@cozen.com
LyndellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010

Adam C. Gutmann
agutmann@cozen.com
LyndellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010

　*/s/  Paula A. Wyatt*
Paula A. Wyatt

4