IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANA R. FRIAS Individually and on behalf of her infant child ANNEL FRIAS<br><br>*Plaintiffs*,<br><br>vs.<br><br>TRISTAR PRODUCTS, INC.<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO.:<br>§   5:16-CV-00104<br>§<br>§<br>§<br>§ |

**RESPONSE TO PLAINTIFFS' MOTION TO QUASH DEPOSITION NOTICES, AND FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Tristar Products, Inc. ("Tristar") hereby submits this Response to Plaintiffs' Motion to Quash Deposition Notices, and For Protective Order, and in support thereof would respectfully show unto the Court as follows:

**I.   Argument & Authority**

1.   Defendant Tristar has made every effort to diligently prepare its defense in this case in strict compliance with the Court's scheduling order and the Federal Rules of Civil Procedure. However, this has been made difficult if not outright impossible as a result of Plaintiffs' repeated delays and refusals to cooperate. Plaintiffs' counsel delayed in securing deposition dates for Plaintiffs in advance of Tristar's previous expert designation deadline, which necessitated the extension of that deadline. In addition, when Plaintiffs' counsel finally did provide dates, they refused to allow the undersigned to depose the Plaintiffs in the order preferred by Defendant. Instead, Plaintiffs' counsel maintained that they, rather than defendants, could dictate the order in which Defendants may depose witnesses. Plaintiffs' counsel cited no

legal authority for this restriction. In an effort to move discovery along and avoid burdening the Court, and despite there being no legal authority for such a restriction, counsel for Tristar agreed to depose Plaintiffs in the order demanded by Plaintiffs' counsel.

2. Plaintiffs' counsel is also refusing to produce Plaintiffs for basic physical examinations pursuant to Rule 35, despite the fact that Plaintiffs' physical condition is the central issue in this case. This has served as a major impediment to Tristar's ability to fairly defend itself in this matter and has delayed the progress of this case. Tristar anticipates filing a motion to compel physical examinations of both Plaintiffs.

3. In its latest affront, Plaintiffs are delaying in allowing Tristar to take expert depositions. Repeatedly, the undersigned has had to ask multiple times for responses from Plaintiffs on basic discovery, such as depositions, only to be ignored or met with refusals and arbitrary restrictions. This is a clear pattern of impeding discovery to the detriment of Tristar that should not be allowed to continue.

4. Under the Court's amended scheduling order, Plaintiffs were required to file their expert designations and serve expert reports on Tristar on November 4, 2016. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), the reports were required to have a complete statement of all of the experts' opinions and bases therefor. On November 4, 2016, Plaintiffs issued reports from engineering expert Dr. J.E. Akin, and life care planner Christine Vidouria. On November 17, 2016, following the issuance of these reports and pursuant to Federal Rule of Civil Procedure 26(b)(4)(A), Defendant requested dates of availability to depose Dr. Akin.[1] Plaintiffs not only ignored that request, but chose instead to take the time to serve Tristar with requests for

---

[1] *See*, Exhibit 1.

LEGAL\28812144\1

production, requests for admission, and interrogatories.[2] Defendant sent a second request on November 23, 2016, in response to which Plaintiffs' counsel indicated, for the first time, that they would not present their experts for deposition until after Tristar designated its experts on December 30, 2016.[3] Again, Plaintiffs' counsel provided no legal basis for this requirement nor did they indicate how their proposed schedule would work in light of the fast-approaching January 5, 2017, discovery deadline.[4]

5.  Later that day, in an effort to meaningfully confer with opposing counsel, the undersigned responded to Plaintiffs, requesting some sort of basis for their continued refusal and for dates of availability to depose both Dr. Akin and Plaintiffs' life care planner, Christine Vidouria, prior to the deadline.[5] In keeping with their ongoing pattern of behavior, Plaintiffs' counsel did not respond.

6.  Facing a December 30, 2016, expert designation deadline, and a January 5, 2017, discovery deadline, and with no response from Plaintiffs' counsel, on November 29, 2016, Tristar served Plaintiffs with notices of deposition of the above-mentioned experts on December 9, and 19, 2016.[6] In doing so, and what Plaintiffs' counsel has conveniently and deliberately omitted, counsel for Tristar offered seven alternative dates of availability prior to the December

---

[2] *See* November 18, 2016, correspondence from Plaintiffs' counsel, serving interrogatories, requests for production, and requests for admission on Tristar, attached hereto as Exhibit 2.
[3] *See*, Exhibit 1
[4] With expert reports due on December 30, 2016, a January 5, 2017, discovery deadline, and federal holidays, there would only be three days in which Tristar could potentially depose Plaintiffs' experts. It is inconceivable that their experts can review and consider reports in any meaningful way in that time frame. It is further inconceivable that Plaintiffs' experts should be allowed to revise their opinions based solely on the reports of Tristar's experts.
[5] *See*, Exhibit 1
[6] *Id.*

3

30, 2016, expert deadline, and expressly requested a conference with opposing counsel regarding same.[7]

7. Rather than conferring, as required by the rules and as requested by the undersigned, that same day Plaintiffs filed a Motion for Protective Order and Motion to Quash.[8] To the extent Plaintiffs seek to quash the depositions based on unavailability of counsel, Tristar would point out that Plaintiffs deliberately omitted the full email chain showing that the undersigned offered seven alternative dates in December 2016 in which these depositions could occur.[9] Plaintiffs' Motion addresses only the dates reflected in the notices. Time and time again the undersigned attempted to confer with opposing counsel, only to be met with silence or refusals. Plaintiffs' counsel's submission of a partial email chain in order to suggest Tristar was unreasonable in issuing the subject deposition notices is disingenuous at best. While Plaintiffs' counsel may be unavailable on the dates proposed in the notices, their failure to address the additional dates of availability constitutes a failure to confer, and the depositions should be permitted to proceed on one of the alternative dates.

8. In seeking protection, Plaintiffs cite no Federal Rule of Civil Procedure, case law, or any binding authority. Instead, they reach the dubious conclusion that basic compliance with the Federal Rules of Civil Procedure would somehow be unfair to Plaintiffs, and would allow Defendant to "blindside" Plaintiffs' experts. Tristar would remind Plaintiffs that they chose to file this matter in federal court and deliberately submitted to the Federal Rules of Civil Procedure. For Plaintiffs to avail themselves of these rules and the benefits provided therein, and

---

[7] *Id*.
[8] As reflected in Exhibit 1, Plaintiffs waited until after they had filed their motion to confer with counsel for Tristar.
[9] *Cf.* Exhibit 1 herein, with Exhibit C to Plaintiffs' Motion.

to then shirk their obligations under those very rules, to the clear detriment of Defendant, would be manifestly unfair to Tristar and a miscarriage of justice.

9. Plaintiffs would have the court believe it is incumbent on Defendant to preview its defenses and provide a critique of Plaintiffs' expert reports before those experts are deposed. Plaintiffs, as the parties with the burden of proof in this matter, are required to carry that burden by way of evidence, including expert testimony. Plaintiffs have had every opportunity to provide their experts with information, data, and whatever else may be required for their experts to render reports. Any shortcomings in their experts' opinions or bases therefor should have been addressed by Plaintiffs prior to the issuance of those reports. Under no circumstances do the rules contemplate any material modification of expert opinions based on an opposing party's expert report.[10] Plaintiffs' motion presupposes that their experts can supplement their reports to "address matters that could have been addressed at their depositions." Again, under the Federal Rules Plaintiffs were required to submit materially complete reports on November 4, 2016, and Tristar intends to strike any supplemental reports that reflect opinions that materially differ from those included in the November 4, 2016, reports. Regardless, Plaintiffs' apparent intent to supplement expert reports is not a legitimate or legally cognizable basis for denying Tristar the ability to depose experts.

10. Standing in direct contrast to Plaintiffs' argument, Federal Rule of Civil Procedure 26(b)(4)(A) provides:

(4) Trial Preparation: Experts

---

[10] Although Fed. R. Civ. P. 26(e)(2) contemplates supplementation of information in expert reports, it does not allow for modification of opinions.

> (A) *Deposition of an Expert Who May Testify*. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. **If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided**.

(emphasis added)

The Rule makes no reference to a defendant's expert reports and is expressly predicated on Rule 26(a)(2)(B), which requires complete, self-sustained reports of expert opinions and bases therefor. Plaintiffs' reference to the Texas Rules of Civil Procedure, which notably do not require expert reports in most instances, is entirely misguided. Those rules contemplate an entirely different expert discovery regime, and casual application of those rules in this instance, without substantial authority for doing so, would allow Plaintiffs to further delay Tristar's basic right to discovery. With a January 5, 2017, deadline, Plaintiffs' arguments simply do not make sense.

11.     Plaintiffs cannot simply pick and choose which rules of procedure they wish to abide by in this matter. Tristar is not attempting to gain any sort of unfair advantage by deposing Plaintiffs' experts, but is merely trying to complete discovery in the timeline prescribed by the court and to litigate this matter on an even playing field.

## II.     Conclusion & Prayer

WHEREFORE, the above considered, Defendant Tristar Products, Inc. respectfully prays that the Court deny Plaintiffs' Motion for Protective Order, allow the depositions of Dr. Akin and Christine Vidouria to go forward on one of the alternative dates, and for such other and further relief, whether at law or in equity, to which they might be justly entitled.

                                      Respectfully submitted,

                                      */s/ Joseph A. Ziemianski*

                                      Joseph A. Ziemianski
                                      State Bar No. 00797732
                                      Federal Bar No. 25915
                                      E-mail: jziemianski@cozen.com

OF COUNSEL

Adam C. Gutmann
Federal Bar No. 1126258
COZEN O'CONNOR
LyondellBasell Tower
1221 McKinney
Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905

**ATTORNEYS FOR TRISTAR PRODUCTS, INC.**

**CERTIFICATE OF SERVICE**

    I certify that a true copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure on December 6, 2016.

                                                             */s/ Joseph A. Ziemianski*
                                                              Joseph A. Ziemianski