UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
DEC 0 7 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

ANA R. FRIAS, individually and on behalf )
of her minor child, A.F.,                )
                                         )
        *Plaintiff*,                     )
                                         )
v.                                       )  Civil No. 5:16-CV-104-OLG
                                         )
TRISTAR PRODUCTS, INC.,                  )
                                         )
        *Defendant*.                     )

## ORDER

This case is before the Court on Plaintiff's Motion to Quash Deposition Notices and for Protective Order (docket no. 28), to which Defendant has responded (docket no. 29). Plaintiff contends that Defendant should not be permitted to depose Plaintiff's experts until after Defendant's experts have produced their reports "so that they are prepared to address at their depositions any issues raised by Defendant's experts' reports as well as their own." Docket no. 28 at ¶ 4. Plaintiff's counsel also represent that they are not available for the depositions of Plaintiff's experts that Defendants have noticed on December 9 and December 19. *Id.* at ¶ 6.

Defendant contends that Fed. R. Civ. P. 26(b)(4)(A) authorizes depositions of experts at any point after the expert's report is provided, regardless of whether the opposing party's experts have produced their reports. Docket no. 29 at ¶ 10. Defendant also represents that it has proposed several alternative dates before December 30. *Id.* at ¶ 7. Defendants explain that they are unwilling to delay depositions until after its expert designation deadline of December 30 in light of the January 5, 2017, discovery deadline, *id.* at ¶ 6, but express willingness to reset those depositions to another mutually agreeable date in light of the unavailability of Plaintiff's counsel on December 9 and 19. *Id.* at 6.

Given that the parties do not dispute that the dates currently designated for the deposition of Plaintiff's experts should be reset in light of the unavailability of Plaintiff's counsel, the Court finds that Plaintiff's motion should be GRANTED IN PART. It is therefore ORDERED that the notices of intent to take deposition of Dr. J.E. Akin on December 9, 2016, and Christine Vidouria on December 19, 2016, and the accompanying subpoenas duces tecum, are QUASHED.

The remainder of Plaintiff's motion is DENIED. The Court declines to enter a protective order precluding Defendant from deposing Plaintiff's experts until after Defendant has designated its experts and provided its expert reports.

In order to accommodate deposition of both Plaintiff's and Defendant's experts in light of the unopposed extension of Defendant's expert designation deadline, it is further ORDERED that the deadline for the parties to complete all discovery is extended to Thursday, January 19, 2017, and the deadline for the parties to file all dispositive motions is extended to Monday, February 6, 2017.

IT IS SO ORDERED.
SIGNED this ___7___ day of December, 2016.

_____
ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE