UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ANA R. FRIAS, individually and on behalf )
of her minor child, A.F., )
)
          *Plaintiff*, )
)
v. )   Civil No. 5:16-CV-104-OLG
)
TRISTAR PRODUCTS, INC., )
)
          *Defendant.* )

## ORDER

This case is before the Court on Defendant's motions seeking leave to designate a responsible third party (docket nos. 16, 23). Plaintiff filed timely objections to Defendant's motions. The Court finds that Defendant's motions (docket nos. 16, 23) should be GRANTED for the reasons set forth below.

Plaintiff's Complaint alleges that on December 22, 2015, she and her infant daughter suffered burns to their arms, chests, and upper bodies when a Power Cooker Pressure Cooker manufactured by Defendant exploded. Docket no. 1 at ¶¶ 5-6. Plaintiff's Complaint states a product liability claim under Section 82.001(4) of the Texas Civil Practice and Remedies Code and claims for breach of warranty and negligence. Docket no. 1 at ¶¶ 7-20. Defendant's motions seek leave to designate Zhongshan USATA Electric Appliance Co. Ltd. (Zhongshan) as a responsible third party under Section 33.004 of the Texas Civil Practice and Remedies Code. Plaintiff argues that Defendant's motions should be denied because Defendant's allegations concerning Zhongshan fall short of the Texas pleading standard.

Section 33.004 of the Texas Civil Practice and Remedies Code provides that, if an objection to a motion for leave to designate a responsible third party is timely filed, the court

shall grant leave unless the objecting party establishes that "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure[.]" Tex. Civ. Prac. & Rem. Code § 33.004(g). Defendant's motions allege that Zhongshan manufactured the pressure cooker referred to in Plaintiff's complaint and contributed to its design and the warnings that accompanied it, and therefore "may be responsible for some or all of the events alleged to have occurred." Docket no. 23 at ¶ 4-5. Plaintiff contends that Defendant's motions fail to adequately plead a claim against Zhongshan because they fail to allege facts relating to each element of a product liability claim. Docket no. 24 at ¶¶ 5-7.

The Court finds that Defendant's motions have stated sufficient facts to satisfy the Texas pleading standard and that Defendant's motions should therefore be granted. *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (pleadings need only "provide fair notice of the claim and the relief sought"; "the omission of an element is not fatal if the cause of action 'may be reasonably inferred from what is specifically stated.'").[1]

It is therefore ORDERED that Defendant's motions seeking leave to designate a responsible third party (docket nos. 16, 23) are GRANTED.

SIGNED this ___9___ day of December, 2016.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] *But see* Tex. Civ. Prac. & Rem. Code § 33.004(l) (after adequate discovery, "a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage.").