IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANA R. FRIAS Individually and on behalf of her child A.F., a Minor | § § § | CIVIL ACTION NO.: 5:16-CV-00104 |
| *Plaintiffs* | § § § | |
| v. | § § | |
| TRISTAR PRODUCTS, INC. and ZHONGSHAN USATA ELECTRIC APPLIANCE CO. LTD. | § § § § | |
| *Defendant* | § | JURY DEMAND |

PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Ana R. Frias both individually of on behalf of A.F., a minor, hereinafter referred to as Plaintiffs, file this First Amended Complaint complaining of Tristar Products, Inc., and Zhongshan USATA Electric Appliance Co. Ltd., jointly referred to as Defendants.

**I.**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states or countries.

2. Venue is proper in the United States District Court for the Southern District of Texas, San Antonio Division because all or a substantial part of the events or omissions giving rise to the claim occurred in this district.

## II.

## PARTIES

3. Plaintiff Ana Frias is a resident of San Antonio, Bexar County, Texas. Ana Frias is a natural person and sues in her individual capacity and on behalf of her daughter, A.F., a minor.

4. Defendant Tristar Products, Inc. ("Tristar") is a California corporation doing business in the State of Texas. Tristar has already appeared in this action.

5. Defendant Zhongshan USATA Electric Appliance Co. Ltd. ("Zhongshan") is, upon information and belief, a Chinese company, with its home office at No. 73, South Shenhui Rd., Nautou Town, Zhongshan, Guangdong, China. China is a party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. As such, service upon Zhongshan may effected through the designated Chinese Central Authority in Beijing, which is the Bureau of International Judicial Assistance, Ministry of Justice of the People's Republic of China.

## III.

## RELEVANT FACTS

6. On December 22, 2015, Ana Frias and her daughter A.F. were in their home, using their Power Cooker Pressure Cooker, ("subject pressure cooker") which was designed and/or manufactured and/or sold by Defendant Tristar. At around 11:30AM when Ana Frias attempted to remove the lid from the subject pressure cooker, the subject pressure cooker exploded, causing scalding hot liquid and steam to fly up and out of the pressure cooker, and onto the Plaintiffs, Ana Frias and A.F..

7.  As a direct and proximate result of the explosion, Ana Frias and her daughter A.F. suffered severe burns to their arms, chests, and upper bodies. Ana Frias also suffered injuries to her spine.

### IV.

### COUNT ONE: STRICT LIABILITY AGAINST TRISTAR

8.  Plaintiffs incorporate herein all of the foregoing allegations.

9.  At all times material hereto, Defendant Tristar was in the business of designing, manufacturing and marketing pressure cookers and did design, manufacture and market the subject pressure cooker made the subject of this suit. Defendant Tristar is the "manufacturer" of the subject pressure cooker within the meaning of TEX. CIV. PRAC. & REM. CODE § 82.001(4), and is liable as stated herein for the severe injuries resulting from defects in the subject pressure cooker.

10. The subject pressure cooker and/or its component parts that caused the explosion were defective and unreasonably dangerous by reason of defective design, manufacture and marketing, which defective and unreasonably dangerous conditions exposed the Plaintiffs and their family and the public in general to an unreasonable risk of harm. The subject pressure cooker was defective and unreasonably dangerous as that term is defined in law to persons who could reasonably be expected to use same, including Ana Frias and her child A.F. Said defects were present in the subject pressure cooker when it was sold, marketed and/or placed into the stream of commerce. Pursuant to Restatement (Second) of Torts § 402A and Tex. Civ. Prac. & Rem. Code, § 82.001(4), Defendant Tristar is liable under the doctrine of strict products liability in tort for the injuries produced by the defect(s) in the subject pressure cooker.

11. Each defect in the subject pressure cooker is a defect for which there is a safer alternative design that is both technologically and economically feasible and that, if incorporated into the product at issue in this case, would not have impaired its utility and would have reduced or eliminated the risks and hazards associated with the product, along with the injuries and damages suffered by Plaintiffs.

12. The subject pressure cooker was also defective in that Defendant Tristar manufactured the subject pressure cooker in a manner that deviated in construction or quality from specifications or planned output so as to render it unreasonably dangerous.

13. Defendant Tristar marketed the pressure cooker in a defective manner in that Tristar failed to effectively warn consumers of the unreasonably dangerous properties of the subject pressure cooker and methods by which consumers, such as the Plaintiffs, could guard against and/or mitigate such dangers.

**V.**

**COUNT TWO: BREACH OF WARRANTY AGAINST TRISTAR**

14. Plaintiffs incorporate herein all of the foregoing allegations.

15. Defendant Tristar, by and through the sale of the product described above, expressly and impliedly warranted to the public generally, and to the Plaintiffs specifically, that the subject pressure cooker was fit for the purposes for which it was intended. Plaintiffs relied on said express and implied warranties.

16. Contrary to the warranties, the subject pressure cooker was not fit for its intended uses, rendering the product in question unreasonably dangerous. Defendant Tristar breached the express and implied warranties because of the product's failure and defective nature, and because of the improper marketing involving Defendant Tristar's failure to warn of the product's

inadequacies or defects. Defendant Tristar's breach of warranties and the above-mentioned defects rendered the subject pressure cooker unreasonably dangerous.

## VI.

## **COUNT THREE: NELIGENCE AGAINST TRISTAR**

17. Plaintiffs incorporate herein all of the foregoing allegations.

18. Defendant Tristar was negligent in the design, manufacture, sale, and marketing of the subject pressure cooker. Plaintiffs incorporate herein all of the foregoing allegations.

19. Defendant Tristar had a duty to purchasers and users of its products to exercise ordinary care of the type that would be exercised by a reasonably prudent person to design, manufacture and market its products in a manner that made the products reasonably safe for their intended uses. This duty applied to the pressure cooker at issue in this case.

20. Defendant Tristar knew, or in the exercise of ordinary care, should have known, that the subject pressure cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Defendant Tristar was negligent in the particulars set forth in this and the preceding sections.

21. Defendant Tristar knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing, and marketing the subject pressure cooker such that the type of incident and resulting injuries and damages as described herein would be prevented. Defendant Tristar had actual knowledge of the means of designing a pressure cooker which would not be inadequate and dangerous. Notwithstanding this knowledge, Defendant Tristar failed to adequately design, equip and/or manufacture the subject pressure cooker. Defendant Tristar was additionally negligent in that it failed to give adequate or proper warnings or

instructions, and failed to recall or timely recall the subject pressure cooker or make appropriate post-marketing efforts to prevent incidents such as the one included herein.

22. Defendant Tristar owed Plaintiffs, as well as the public at large, the duty of reasonable care in designing, manufacturing and marketing the subject pressure cooker. Defendant Tristar failed to act as an ordinary prudent manufacturer in manufacturing the subject pressure cooker and violated its duties and was negligent and said negligence includes those acts of omission and/or commission previously described.

## VII.

### COUNT FOUR: STRICT LIABILITY AGAINST ZHONGHAN

23. Plaintiffs incorporate herein all of the foregoing allegations.

24. At all times material hereto, Defendant Zhonghan was in the business of designing, manufacturing and marketing pressure cookers and did design, manufacture and market the subject pressure cooker made the subject of this suit. Defendant Zhonghan is the "manufacturer" of the subject pressure cooker within the meaning of TEX. CIV. PRAC. & REM. CODE § 82.001(4), and is liable as stated herein for the severe injuries resulting from defects in the subject pressure cooker.

25. The subject pressure cooker and/or its component parts that caused the explosion were defective and unreasonably dangerous by reason of defective design, manufacture and marketing, which defective and unreasonably dangerous conditions exposed the Plaintiffs and their family and the public in general to an unreasonable risk of harm. The subject pressure cooker was defective and unreasonably dangerous as that term is defined in law to persons who could reasonably be expected to use same, including Ana Frias and her child A.F. Said defects were present in the subject pressure cooker when it was sold, marketed and/or placed into the

stream of commerce. Pursuant to Restatement (Second) of Torts § 402A and Tex. Civ. Prac. & Rem. Code, § 82.001(4), Defendant Zhonghan is liable under the doctrine of strict products liability in tort for the injuries produced by the defect(s) in the subject pressure cooker.

26. Each defect in the subject pressure cooker is a defect for which there is a safer alternative design that is both technologically and economically feasible and that, if incorporated into the product at issue in this case, would not have impaired its utility and would have reduced or eliminated the risks and hazards associated with the product, along with the injuries and damages suffered by Plaintiff.

27. The subject pressure cooker was also defective in that Defendant Zhonghan manufactured the subject pressure cooker in a manner that deviated in construction or quality from specifications or planned output so as to render it unreasonably dangerous.

28. Defendant Zhonghan marketed the pressure cooker in a defective manner in that Zhonghan failed to effectively warn consumers of the unreasonably dangerous properties of the subject pressure cooker and methods by which consumers, such as the Plaintiffs, could guard against and/or mitigate such dangers.

### VIII.

#### COUNT FIVE: BREACH OF WARRANTY AGAINST ZHONGHAN

29. Plaintiffs incorporate herein all of the foregoing allegations.

30. Defendant Zhonghan, by and through the sale of the product described above, expressly and impliedly warranted to the public generally, and to the Plaintiffs specifically, that the subject pressure cooker was fit for the purposes for which it was intended. Plaintiffs relied on said express and implied warranties.

31. Contrary to the warranties, the subject pressure cooker was not fit for its intended uses, rendering the product in question unreasonably dangerous. Defendant Zhonghan breached the express and implied warranties because of the product's failure and defective nature, and because of the improper marketing involving Defendant Zhonghan's failure to warn of the product's inadequacies or defects. Defendant Zhonghan' breach of warranties and the above-mentioned defects rendered the subject pressure cooker unreasonably dangerous.

## IX.

## COUNT SIX: NELIGENCE AGAINST ZHONGHAN

32. Plaintiffs incorporate herein all of the foregoing allegations.

33. Defendant Zhonghan was negligent in the design, manufacture, sale, and marketing of the subject pressure cooker. Plaintiffs incorporate herein all of the foregoing allegations.

34. Defendant Zhonghan had a duty to purchasers and users of its products to exercise ordinary care of the type that would be exercised by a reasonably prudent person to design, manufacture and market its products in a manner that made the products reasonably safe for their intended uses. This duty applied to the pressure cooker at issue in this case.

35. Defendant Zhonghan knew, or in the exercise of ordinary care, should have known, that the subject pressure cooker was defective and unreasonably dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Defendant Zhonghan was negligent in the particulars set forth in this and the preceding sections.

36. Defendant Zhonghan knew, or in the exercise of ordinary care should have known, of the means of designing, manufacturing, and marketing the subject pressure cooker

such that the type of incident and resulting injuries and damages as described herein would be prevented. Defendant Zhonghan had actual knowledge of the means of designing a pressure cooker which would not be inadequate and dangerous. Notwithstanding this knowledge, Defendant Zhonghan failed to adequately design, equip and/or manufacture the subject pressure cooker. Defendant Zhonghan was additionally negligent in that it failed to give adequate or proper warnings or instructions, and failed to recall or timely recall the subject pressure cooker or make appropriate post-marketing efforts to prevent incidents such as the one included herein.

37. Defendant Zhonghan owed Plaintiffs, as well as the public at large, the duty of reasonable care in designing, manufacturing and marketing the subject pressure cooker. Defendant Zhonghan failed to act as an ordinary prudent manufacturer in manufacturing the subject pressure cooker and violated its duties and was negligent and said negligence includes those acts of omission and/or commission previously described.

## X.

## CAUSATION

38. Plaintiffs incorporate herein all of the foregoing allegations.

39. Defendant's conduct (described above under the theories of strict products liability, breach of warranty, negligence and any other liability theory included in Plaintiffs' allegations) was a producing and/or proximate cause, as those terms are applied in the law in the State of Texas, of the injuries to Ana Frias and A.F., and the damages sustained by them.

## XI.

## DAMAGES

40. As a direct and proximate result of Defendant's negligence, Plaintiffs suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical

expenses for the care and relief of his injuries. Additionally, as a result of this incident, Plaintiffs will incur reasonable and necessary medical expenses in the future. Plaintiffs bring this suit to recover damages for said injuries incurred in the past and those that they will, and in all reasonable medical probability, suffer in the future.

41. For a long time to come, if not for the rest of their lives, Plaintiffs will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish, and will continue to incur health care costs. Plaintiffs now sue for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

42. Plaintiffs are entitled to recover all pre-judgment and post-judgment interest as allowed by law, along with their costs of court.

## XII.

## CONDITIONS PRECEDENT

43. All conditions precedent to recovery of said damages by all of said Plaintiffs have been satisfied.

## XIII.

## JURY DEMAND

44. Plaintiffs request a jury in this cause and have tendered payment.

**WHEREFORE,** Plaintiffs request that Defendants be cited to appear and answer herein and that on final trial, Plaintiffs have judgment against Defendants for:

1. All medical expenses in the past and future;

2. Mental anguish in the past and future;

3. Physical pain in the past and future;

4. Physical impairment in the past and future;

5.  Lost wages;

6.  Lost earning capacity;

7.  Loss of consortium;

8.  Disfigurement in the past and future;

9.  Pre- and post-judgment interest as allowed by law;

10. Costs of suit; and

11. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**WYATT LAW FIRM, LTD.**

 /s/ Paula A. Wyatt
Paula A. Wyatt
*Attorney-in-Charge*
Texas Bar No. 10541400
pwyatt@wyattlawfirm.com
Gavin McInnis
Texas Bar No. 13679800
gmcinnis@wyattlawfirm.com
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone: (210) 340-5550
Facsimile: (210) 340-5581

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

 I certify that on December 19, 2016, a true and correct copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing, on the following attorney in charge for Defendant:

Joseph A. Ziemianski
jziemianski@cozen.com
LyndellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010

Adam C. Gutmann
agutmann@cozen.com
LyndellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010

                 */s/  Paula A. Wyatt*
                 Paula A. Wyatt